COPE, Judge.
Leonard Luria appeals an adverse final judgment after nonjury trial. We reverse.
The trial court made the following findings of fact:
Defendant Leonard Luria’s mother-in-law, Frances Biren, entered into a contract with Plaintiff World Evangelism under which she paid a lump sum payment to World Evangelism in exchange for receiving a lifetime annuity. On February 3, 1985, Defendant Luria was appointed as personal representative of her estate. He caused a formal notice of Frances Biren’s death to be published- as required by law. There is no evidence indicating that he was aware of Frances Biren’s arrangement with World Evangelism and, indeed, a letter introduced into evidence indicated that she did not want him to know.
Evidently unaware of the death of Frances Biren, World Evangelism continued to send her annuity payments after her death to her bank account. Although he sent several letters to World Evangelism indicating a change of address for the transmittal of those payments, there was no evidence that Defendant Luria knew that the payments were pursuant to a “lifetime” annuity. The evidence indicated that Defendant Luria did not receive any of the funds himself, but that such were disbursed to various beneficiaries of Frances Biren’s estate.
The Court finds that Defendant Luria did not commit any wrongdoing and did not act fraudulently. However, the Court does find that Plaintiff World Evangelism did pay monies to the estate of Frances Biren that it was not required to pay under the contract and, therefore, such monies should be returned to Plaintiff.
(Emphasis added). The trial court entered a final judgment in favor of World Evangelism against the defendant, Leonard Luria, individually, for $24,356.33.
Luria has appealed, asserting that under the facts as found above, there is no basis on which to impose personal liability on him. We agree.
The Florida Probate Code provides, in part:
733.619 Individual liability of personal representative.—
[[Image here]]
(2) A personal representative is individually liable for obligations arising from ownership or control of the estate or for torts committed in the course of administration of the estate only if he is personally at fault.
§ 733.619, Fla.Stat. (1991) (emphasis added).
Here, the trial court found that the personal representative was not personally at fault. It follows that under the statute, personal liability cannot be imposed on Luria. The trial court appears to have reasoned that, as an equitable matter, there has been unjust enrichment of those who *7 received the post-mortem annuity payments. That may be so, but the trial court expressly found that Luria did not receive any of the funds himself, and accordingly, has not been unjustly enriched.
Reversed and remanded with directions to enter judgment in favor of defendant.